## NUGER ET AL. *v.* STATE INSURANCE COMMISSIONER

[No. 349, September Term, 1962.]

*Decided June 6, 1963.*

544

The cause was argued before BRUNE, C. J., and HENDER-SON, PRESCOTT, MARBURY and SYBERT, JJ.

*Benjamin Lipsitz* for the appellants.

*Loring E. Hawes, Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal presents a narrow question as to the timeliness of an appeal to the Superior Court of Baltimore City from an order of the Insurance Commissioner revoking the "qualifications" of the appellants to engage in the insurance business in Maryland. The order was declaratory in form, probably because subsequent to the institution of the proceedings on April 24, 1962, the license of the A.A. Insurance Agency Inc., expired on April 30, 1962, and there was no request for a renewal. The Commissioner found, however, that the Agency held itself out as an insurance broker in May, 1962, and collected premiums without being authorized to do so. The Commissioner also found that the appellants, Lillian S. Nuger and Caswell G. Nuger, President and Secretary-Treasurer of the Agency, had broken the law in conducting the Agency business, and should not be again licensed to engage in the insurance business in Maryland. There is no contention that the case is moot. Cf. *Close v. Southern Md. Agr. Asso.,* 134 Md. 629.

The court below dismissed the appeal from the order of the Insurance Commissioner on the ground that it was not filed within thirty days from the order. The order was issued on June 1, 1962, and mailed to the appellants on June

6, 1962. The appeal was filed on July 5, 1962. The appellee filed a motion to dismiss.

Both sides seem to agree that the proceeding was instituted under Code (1957), Art. 48 A, sec. 111, providing for the revocation or suspension of a license on grounds there stated. That section provides for an appeal to "the Superior Court of Baltimore City, when said offense occurred in Baltimore City, or by the circuit court of any of the counties of the State wherein such offense or offenses complained of occurred." Cf. Art. 48 A, sec. 14. But although a hearing is obviously contemplated, on charges duly served, there is no requirement that notice of the decision be served on the person or persons charged. Hence, the appellee contends, the time for filing an appeal is fixed by Maryland Rule B4 a, covering appeals from administrative agencies, which provides: "An order for appeal shall be filed within thirty days from the date of the action appealed from, except that where the agency is by law required to send notice of its action to any person, such order for appeal shall be filed within thirty days from the date such notice is sent * * *." There is nothing in sec. 111 to bring this case within the exception.

The appellants contend, however, that the exception is spelled out in Code (1957), Art. 41, sec. 254 of the Administrative Procedure Act, as enacted by Ch. 94, Acts of 1957, which provides that in a contested case "[a] copy of the decision and order and accompanying findings and conclusions shall be delivered or mailed promptly to each party or to his attorney of record." It seems clear that this was a contested case (see Code (1957), Art. 41, sec. 244 (c), for a definition of the phrase). Moreover, sec. 255 (a) and (b) of Art. 41 provides that judicial review may be had "by filing a petition in the circuit court of the county or in the Baltimore City Court, as the case may be, either where any party resides or has his or its principal place of business, *within thirty days after service of the final decision of the agency*. Copies of the petition shall be served upon the agency and all other parties of record, in the manner provided by the rules of court * * *." (Italics ours) (The italicized clause was eliminated by Ch. 36, Acts

546

of 1962, but the requirement of notice was not eliminated from sec. 254).

The appellee contends that the review sought under sec. 111 of Art. 48 A is entirely independent of that afforded under sec. 255 of Art. 41, and that the appellants cannot rely upon sec. 255, since they are in the wrong court. We think, however, that the argument proves too much. It may be noted that this point could not be made in the counties, since the appeal is simply to the circuit court. It would be quite anomalous to hold that the legislature intended to establish a different rule in Baltimore City from that obtaining in the counties, in a matter involving disciplinary measures in the general public interest of the whole state. But in any event, we think the statutes can be read together. If notice is required to be sent in every decision in a contested case, it would seem to bring this case within the exception to the Rule, regardless of the court in which review is sought. The appellee did in fact send notice of its action, and we hold that the appeal therefrom, within thirty days from its mailing, was timely.

Since we base our holding on our construction of Code (1957), Art. 41, sec. 254, read in conjunction with Rule B4 a, we find it unnecessary to consider the appellant's contention based on Code (1957 and 1962 Supp.), Art. 48 A, sec. 121 (g).

*Judgment reversed and case remanded for further proceedings, costs to be paid by the appellee.*